TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Aaron Bornstein*

## IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Bornstein, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; Equifax Information Services, LLC a Georgia corporation; Trans Union, LLC, a Delaware limited liability company; and Arizona Public Service Company, an Arizona corporation. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COME THE PLAINTIFF, AARON BORNSTEIN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Buckeye, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

2

c.  Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona; and

d.  Arizona Public Service Company ("Arizona Public Service"), which is an Arizona corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6.  On or about October 5, 2015, Plaintiff obtained his credit files and noticed that Arizona Public Service was reporting its trade line with account number 39683XXXX ("Errant Trade Line") with multiple charge-offs on Plaintiff's Experian, Equifax, and Trans Union credit files.

7.  The multiple charge-offs convey to any user or prospective of Mr. Bornstein's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter.  These repetitive charge-off notations are far more punitive and misleading than informative.

8.  These multiple charge-offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times.

9.  On or about November 4, 2015, Mr. Bornstein submitted letters to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), disputing the multiple charge-offs on the Errant Trade Line.

10. Upon information and belief, the CRAs transmitted Mr. Bornstein's consumer dispute to Arizona Public Service.

11. On or about November 30, 2015, Mr. Bornstein received Experian's investigation results, which showed that Arizona Public Service retained the multiple charge-offs on the Errant Trade Line.

12. On or about December 5, 2015, Mr. Bornstein received Equifax's investigation results, which showed that it retained the multiple charge-offs on the Errant Trade Line.

13. On or about February 17, 2016, Mr. Bornstein obtained his Trans Union credit file, which showed that Arizona Public Service retained multiple charge-offs on the Errant Trade Line.

## <u>COUNT I</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ARIZONA PUBLIC SERVICE

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by the CRAs of Mr. Bornstein's consumer dispute of the multiple charge-offs on the Errant Trade Line, Arizona Public Service negligently failed to conduct a proper investigation of Mr. Bornstein's dispute as required by 15 USC 1681s-2(b).

16. Arizona Public Service negligently failed to review all relevant information available to it and provided  by the CRAs in conducting its reinvestigation as

4

required by 15 USC 1681s-2(b).  Specifically, it failed to direct the CRAs to remove the multiple charge-offs on the Errant Trade Line.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Bornstein's consumer credit files with the CRAs to which it is reporting such trade line.

18. As a direct and proximate cause of Arizona Public Service's negligent failure to perform its duties under the FCRA, Mr. Bornstein has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Arizona Public Service is liable to Mr. Bornstein by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Bornstein has a private right of action to assert claims against Arizona Public Service arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Arizona Public Service for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ARIZONA PUBLIC SERVICE

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by the CRAs that Mr. Bornstein disputed the accuracy of the information it was providing, Arizona Public Service willfully failed to conduct a proper reinvestigation of Mr. Bornstein's dispute.

23. Arizona Public Service willfully failed to review all relevant information available to it and provided  by the CRAs as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Arizona Public Service's willful failure to perform its duties under the FCRA, Mr. Bornstein has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Arizona Public Service is liable to Mr. Bornstein for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Arizona Public Service for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bornstein as that term is defined in 15 USC 1681a.

28. Such reports contained information about Mr. Bornstein that was false, misleading, and inaccurate.

29. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Bornstein, in violation of 15 USC 1681e(b).

30. After receiving Mr. Bornstein's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Bornstein has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Experian is liable to Mr. Bornstein by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bornstein as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Bornstein that was false, misleading, and inaccurate.

36. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Bornstein, in violation of 15 USC 1681e(b).

37. After receiving Mr. Bornstein's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Bornstein has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

8

39. Experian is liable to Mr. Bornstein by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Bornstein as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mr. Bornstein that was false, misleading, and inaccurate.

43. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Bornstein, in violation of 15 USC 1681e(b).

44. After receiving Mr. Bornstein's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Bornstein has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Equifax is liable to Mr. Bornstein by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Bornstein as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mr. Bornstein that was false, misleading, and inaccurate.

50. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Bornstein, in violation of 15 USC 1681e(b).

10

51. After receiving Mr. Bornstein's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Bornstein has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Equifax is liable to Mr. Bornstein by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Bornstein as that term is defined in 15 USC 1681a.

11

56. Such reports contained information about Mr. Bornstein that was false, misleading, and inaccurate.

57. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Bornstein, in violation of 15 USC 1681e(b).

58. After receiving Mr. Bornstein's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Bornstein has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Trans Union is liable to Mr. Bornstein by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VIII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

61. Plaintiff realleges the above paragraphs as if recited verbatim.

62. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Bornstein as that term is defined in 15 USC 1681a.

63. Such reports contained information about Mr. Bornstein that was false, misleading, and inaccurate.

64. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Bornstein, in violation of 15 USC 1681e(b).

65. After receiving Mr. Bornstein's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Bornstein has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Trans Union is liable to Mr. Bornstein by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

13

1

## **JURY DEMAND**

2

3

Plaintiff hereby demands a trial by Jury.

4

5

6

7

DATED:  March 16, 2016

8

9

By:___/s/___Trinette G. Kent_____

10

Trinette G. Kent

11

Attorneys for Plaintiff,
Aaron Bornstein

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14